*An appropriate order will be entered.*

HARRY F. HARDY AND SHIRLEY HARDY, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 1356–69SC. Filed June 3, 1970.

Harry F. Hardy, pro se.
*Robert T. Hollohan*, for the respondent.

Section 166(d) provides for the deductibility of nonbusiness bad debts which are treated as short-term capital losses.[2] Petitioners contend that their loss constitutes a nonbusiness bad debt because (1) the transaction was not in connection with petitioner's trade or business, and (2) the builder had an obligation to return petitioners' deposit should it fail to perform. Petitioners contend that this latter obligation creates the debt required by the Code. Sec. 1.166–1(c), Income Tax Regs.

The Commissioner's argument is that there was no debtor-creditor relationship as required by the same section of the regulations. We hold that petitioners are not entitled to the deduction because there was no debt between them and the builder.

The regulation is quite specific in its requirements:

Sec. 1.166–1 Bad debts.

(c) *Bona fide debt required.* Only a bona fide debt qualifies for purposes of section 166. A bona fide debt is a debt which arises from a debtor-creditor relationship based upon a valid and enforceable obligation to pay a fixed or determinable sum of money. * * *

The obligation, to repay the deposit, claimed by petitioners to create the debt, is not evident from the contract between the parties. Therefore, such obligation must necessarily be created by some instrument ancillary to that contract. However, as the facts reveal, there is no evidence of any such ancillary document.

It becomes apparent that what petitioners seek to claim as a debt, is in fact only a judgment against them in a civil suit. Any debt created thereby would be attributable to them as the debtor, and not as the creditor, to whom a deduction might be allowable if the debt was worthless.

Since petitioners sustained these expenditures with regard to a personal item, a residence, there is no provision of the Code under which these expenses are deductible.

*Decision will be entered for the respondent.*

---

[2] SEC. 166(d). NONBUSINESS DEBTS.—

(1) GENERAL RULE.—In the case of a taxpayer other than a corporation—

\*   \*   \*   \*   \*   \*   \*

(B) where any nonbusiness debt becomes worthless within the taxable year, the loss resulting therefrom shall be considered a loss from the sale or exchange, during the taxable year, of a capital asset held for not more than 6 months.

(2) NONBUSINESS DEBT DEFINED.—For purposes of paragraph (1), the term "nonbusiness debt" means a debt other than—

(A) a debt created or acquired (as the case may be) in connection with a trade or business of the taxpayer; or

(B) a debt the loss from the worthlessness of which is incurred in the taxpayer's trade or business.